UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

GAIL KADEN,

     Plaintiff

v.

OCEANIA CRUISES S. de R.L., LLC
d/b/a OCEANIA CRUISES,

     Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, GAIL KADEN (hereinafter "Plaintiff" or "Kaden"), hereby sues the Defendant, OCEANIA CRUISES S. de R.L., LLC d/b/a Oceania Cruises (hereinafter "Defendant" or "Oceania") and files this Complaint for Damages and says:

## THE PARTIES AND JURISDICTION

1. This is an action for damages which exceed $75,000 exclusive of interest, costs, and attorney's fees.

2. **THE PLAINTIFF.** The Plaintiff, GAIL KADEN, is *sui juris* and is a citizen and resident of Plainview, New York for purposes of diversity.

3. **THE DEFENDANT**. The Defendant, OCEANIA CRUISES S. de R.L., LLC doing business as Oceania Cruises (hereinafter referred to as OCEANIA or Defendant or the cruise line), is incorporated outside of the state of Florida, but does business in the State of Florida, and at all times material hereto was and is doing business in Miami Dade County, Florida.  At all times material hereto, the Defendant owned and/or operated the cruise ship on which the subject

negligence occurred.  The Defendant is a Florida citizen for the purposes of diversity of citizenship under 28 U.S.C. § 1332. At all times material hereto, the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

4. **FEDERAL SUBJECT MATTER JURISDICTION**. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state. This action also arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333.  Further, this action is being filed in Federal Court in Miami Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION**. The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

(a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

(b) Had an office or agency in this state and/or county; and/or

(c) Engaged in substantial activity within this state; and/or

(d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## <u>OTHER ALLEGATIONS COMMON TO ALL COUNTS</u>

7. **<u>DATE OF THE INCIDENT</u>**.  The incident occurred on July 9, 2019.

8. **<u>LOCATION OF THE INCIDENT.</u>**  The incident occurred onboard the vessel the Oceania *Marina*, a ship in navigable water, while the Plaintiff was a passenger onboard. Accordingly, the Plaintiff's claims are governed by general maritime law. Specifically, the Plaintiff's incident occurred on the Deck 16 paddle tennis court area of the ship.



9. **<u>STATUS OF THE PLAINTIFF AT THE TIME OF THE INCIDENT.</u>** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and accordingly was an invitee while on the vessel.

10. **<u>DESCRIPTION OF THE INCIDENT.</u>** Oceania Cruises is in the business of providing vacation experiences to its passengers.  Oceania owns and/or manages six (6) ships under the name of Oceania Cruises. Oceania is a wholly owned subsidiary owned by Norwegian Cruise Line

---

[1] https://www.oceaniacruises.com/ships/marina/deck-plans/

Holdings Ltd.   Norwegian Cruise Line Holdings Ltd. also owns Norwegian Cruise Line and Regent Seven Seas Cruises.   Norwegian Cruise Line Holdings owns and/or manages at least twenty-seven (27) cruise ships.

11. Oceania participated in and/or controlled the design, construction and/or selection of materials installed on its ships, including the *Marina*, to provide passengers Oceania's cruising experience. Oceania has the ultimate control over the design, construction and/or selection of materials installed on its ships. Oceania has contracts with the shipyard which allows Oceania the right to inspect the design plans, materials, and/or construction of its ships. Oceania may refuse payment, the ultimate control, should issues regarding design, selection of materials and/or construction is not resolved to Oceania's satisfaction.   Oceania approved and ultimately chose the design, selection of materials and/or construction of all open deck flooring on its fleet of ships including the *Marina*.   During the design and building of its ship, Oceania failed to design, select and/or install a slip resistant floor and instead chose to install a synthetic rubber flooring on its open decks that is slippery when wet.

12. On each Oceania ship, including the *Marina*, Oceania provides multiple open deck areas. Each of Oceania's open decks offer passengers different amenities including a sports area.  One of the sports activities Oceania provides is a paddle tennis court.  On board the *Marina* the paddle tennis court is located on Deck 16.  Oceania has provided the paddle tennis court area on its open decks since the Marina's maiden voyage on January 22, 2011.



*Figure 1 - Oceania Marina's Deck 16 Paddle Tennis Court Area*

13. Oceania has a duty to maintain its decks in a clean and dry condition for its passengers.  The duty of due care under the circumstances includes the duty to inspect for water on the floor and to prevent passengers from accessing wet flooring by cordoning or blocking off those areas.

14. **NOTICE**: Oceania knows that its open decks including its paddle tennis courts are high traffic areas.  Throughout each cruise hundreds of passengers walk on and between different open deck amenities.  Oceania has a repetitive, known problem with those decks which are unreasonably and unforeseeably slippery when they are wet.  Oceania fails to dry off the wet decks or warn passengers about the slipperiness of the decks.  And Oceania knew and knows that this deck is continuously wet from the air conditioning units, condensers, refrigerators, or whatever other machinery is located in the vented housing adjacent to this court. Oceania chose to place its paddle tennis court on the *Marina* adjacent to that vented housing which is believed to be a steel structure.

Oceania knew or should have known for years that the machinery in this housing continuously and repetitively develop condensation and/or leaks and slowly drips and/or leaks water onto the open deck floors.

15. Oceania documents prior slip and falls, slipperiness, and water accumulations on its open decks and paddle tennis court in various ways.  That documentation includes minutes of shipboard meetings, logs or databases of prior similar incidents of slip and falls, databases of prior complaints made to guest services, and prior slip testing of the floor surface.

16. Oceania has known for years that its synthetic rubber flooring on this recreational surface can be slippery when wet and is therefore deficient.  Because of these deficiencies, the cruise line assigns crew members to circulate throughout the open decks, including the *Marina*'s paddle tennis court, to squeegee, mop, towel, or otherwise clean and dry the area of water before water accumulates and causes a slipping hazard. Oceania created training and procedures for its crew members. Oceania's trainings and procedures instruct Oceania's crew that the open decks can become wet on a repetitive basis from numerous sources including but not limited to drips and/or leaks from Oceania's ship ducts and/or vents.  Oceania also trains its crew members that open decks including its synthetic rubber flooring can be slippery when wet, the degree of slipperiness of its floors is not readily apparent to passengers, and that water can blend with Oceania's flooring.  Because Oceania knows that open decks can be slippery when wet and the slipperiness of the flooring is not open and obvious, Oceania requires its crew members to adhere to its safety procedures.  One of Oceania's safety procedures require Oceania crew members to make sure caution cones are placed over wet areas to warn passengers of the presence of water accumulations and/or the Oceania's flooring can be slippery. Additionally, Oceania trains and requires its crew to

continuously inspect its open deck floors for water accumulations particularly in areas where Oceania plans and organizes events for its passengers.

17. Since Oceania knows its floors can be slippery when wet, Oceania created a fleet wide Guest Orientation video and provides announcements to warn passengers of potential hazards on its ships. One of Oceania's warnings to its passengers is that open deck floors can be slippery when wet. Similar warnings are also provided in Oceania's daily newsletters which Oceania distributes to passengers on each day of a cruise.

18. Oceania assigns at least two crew members to inspect and maintain Oceania's planned and organized paddle tennis court and other Deck 16 activities. Oceania and its crew members know that passengers who play paddle tennis on its courts will focus on the ball, run, rush and hurry to get the ball during matches against other passengers. Therefore, Oceania knew or should have known to warn passengers of wet areas and/or inspect, clean and maintain the paddle tennis courts in a clean and dry condition or else passengers could slip and fall and get injured.

19. Yet on the day of this incident, Oceania's crew members chose not to properly inspect, clean and/or maintain the open decks in a clean and dry condition. Oceania failed to find wet areas and water accumulations on the floor including *Marina*'s paddle tennis court. Oceania failed to squeegee, mop, towel, or otherwise clean the area of water for hours. The failure to clean the water caused water to accumulate and puddle. The crew chose not to or neglected to place any warning cones and/or wet floor signs in the area.

20. On July 9, 2019, Oceania provided the open deck paddle tennis court to its passengers. Oceania planned, organized and/or anticipated that passengers would play games such as pickleball, in the area. Oceania assigned two crew members to monitor passengers and provide passengers, such as Gail Kaden, equipment to play on Oceania's deck. These two crew members were also

required by Oceania to inspect, warn and make the area safe for passengers, such as Dr. Kaden to play games on the paddle tennis court flooring. Dr. Kaden entered the netted off area to play and started playing pickleball with her family. During the game Dr. Kaden went to get the ball and slipped and fell in a large accumulation of water that blended with the flooring.

21. After slipping and falling Dr. Kaden and her family realized she was sitting in a large accumulation of water and her clothes and body were wet. Dr. Kaden and her family looked around to determine if they could detect any sources of water. Dr. Kaden and her family discovered at least one source of water which came from a structure on the ship. This steel structure appeared to have what looked like numerous large air intake and exhaust vents and/or ducts. Oceania's vents and/or ducts slowly leaked and/or dripped water. The slow drip and/or leak developed a trail of water which developed and led to the large puddle which caused Dr. Kaden to fall. Oceania's vent and/or duct dripped water into the trail of water in a slow, continuous rate which caused the puddle and trail of water to develop over the course of many hours.



*Figure 2 Oceania Marina Deck 16 Vent and/or Duct – The trail of water that slowly and continuously dripped and/or leaked onto the paddle tennis court floor*



*Figure 3 Oceania Marina Deck 16 – Part of the large puddle of water that accumulated for hours and blended with the flooring.*

22. Oceania allowed the large puddle of water to accumulate and remain on the floor for hours. As a result of the cruise line's negligence the Plaintiff suffered severe, debilitating, and permanent injuries including but not limited to a subchondral fracture in the lateral femoral condyle and a complex meniscus tear in Dr. Kaden's right knee. Dr. Kaden's injuries also caused her to significantly aggravate and accelerate her osteoarthritis in her left knee from favoring her right leg and altering her gait.

## COUNT I:
## NEGLIGENT MAINTENANCE

23. The Plaintiff, GAIL KADEN, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 22, above.

24. This is an action for negligent maintenance. The Defendant Oceania is vicariously liable and responsible for the negligent acts of its shipboard crew members who were employees and/or

actual agents of the Defendant. *See Franza v. Royal Caribbean Cruise Line, Ltd.*, 772 F.3d 1225 (11th Cir. 2014).  The cruise line is vicariously liable for the negligence of its crew members.  This ultimately is based on the fact that the crew members are employees of the cruise line.  Therefore, under respondeat superior the cruise line is liable for the negligence of all crew members working on its ships.

25. **DUTIES OWED BY OCEANIA**: Oceania owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991). Additionally, the Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." *See Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309 (11th Cir. 2003) ("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is non-delegable, and that even the slightest negligence renders a carrier liable."); *Carlisle v. Ulysses Line Limited*, 475 So.2d 248 (Fla. 3d DCA 1985).

26. Oceania, at all relevant times, was also under a legal duty to comply with mandatory international vessel safety regulations that are promulgated by the International Maritime Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified international Safety of Life at Sea (SOLAS) treaty, including *Part C*, *Regulation 13*, subpart 1.1 "safe escape routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles.")  Oceania's open deck paddle tennis court area is an escape route that Oceania knew or should have known it must maintain in a safe, clear, clean and dry condition. Oceania, at

all times relevant, created its own internal policies and procedures to provide clean and dry flooring, cordon off and/or block wet floors, and warn passengers of wet floors. Therefore Oceania knew or should have known it must provide clean and dry flooring, cordon off and/or block wet floors and warn passengers of wet floors. Upon information and belief Oceania, at all relevant times, knew or should have known of industry safety standards of ASTM International, ANSI, ISM Code and Regulations and other industry standards applicable to maintaining safe walkways and floor materials.

27.    Oceania owes a duty as a common carrier to its passengers to maintain all areas of its ship, including the Oceania *Marina*. Oceania owes a duty of reasonable care under the circumstances.  The circumstances are as follows.  One of Oceania's common areas are its open decks that Oceania operates on every one of its ships. Oceania hires and employs crew members who are responsible for reasonable maintenance of shipboard floor surfaces including those located on Oceania's open deck areas. Oceania provides its passengers entertainment, activities and events planned and organized by Oceania including on its open deck paddle tennis court area. Water repetitively and continuously accumulates on Oceania's open deck floors.  The water that accumulates on the Deck 16 sports area comes from numerous sources including but not limited to drips and/or leaks from Oceania's ship ducts and/or vents.  This is an ongoing, continuous problem of which Oceania is well aware.  Oceania employs crew members who must carefully and with enough regularity inspect and monitor its floor surfaces and clean up spills, water accumulations, and puddles.  It is therefore important for Oceania to keep its floors clean and dry, actively inspect for spills, tracked liquids, drips and/or leaks from ducts and/or vents and other sources of liquids and/or water to clean them and prevent slip and falls.

28.     Oceania has known for years that its synthetic rubber flooring can be slippery when wet.  Oceania created cleaning procedures which teach its crew members that open decks can become wet on a repetitive basis from numerous sources.  Those sources include but are not limited to drips and/or leaks from Oceania's ship ducts and/or vents adjacent to Oceania's paddle court.  Oceania trains its crew members that open decks, including its synthetic rubber flooring, can be slippery when wet.  Because Oceania knows that open decks can be slippery when wet Oceania requires its crew members to adhere to its safety procedures.

29.     One of Oceania's safety procedures require Oceania crew members to make sure caution cones are placed over wet areas. Additionally, Oceania trains and requires its crew to inspect open deck floors for water accumulations particularly in areas where Oceania plans and organizes events like paddle tennis for its passengers.  Oceania's crew members must carefully and with enough regularity inspect and monitor for wet floors on Oceania's open decks to prevent slip and falls.

30. Oceania provides its crew with dry mops to dry floors and squeegees to push accumulations of water to the sides of the ship. Oceania knows that if puddles of water are left on the open decks, passengers will slip, fall and get injured.  Because Oceania's open decks are highly trafficked by passengers and crew, Oceania knows that it must maintain its floor surfaces in a condition that complies with applicable industry standards, statutes, and/or regulations.  Oceania should comply with applicable industry standards, statutes, and/or regulations as part of its maintenance program to prevent slip and falls.

31.     **OCEANIA BREACHED ITS DUTY**: Oceania breached its duty of reasonable care owed to the Plaintiff under the circumstances. Oceania breached its duty of reasonable care owed to the Plaintiff because Oceania failed to maintain its open deck paddle tennis court areas in

a clean and dry condition. Oceania failed to inspect and monitor its open deck paddle tennis court floors such that it could find water accumulations and wet areas in order to clean and dry the floors. Oceania failed to inspect and monitor the open deck paddle tennis court flooring for accumulations of water and/or liquids such that it failed to dry, cordon off or mark wet areas with warning signs. Oceania failed to maintain its floors such that they comply with applicable industry standards, statutes, and/or regulations. Oceania's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

32.    **PROXIMATE CAUSE**: Oceania's negligent acts through its employees occurred aboard Oceania's ship caused severe and permanent injuries to the Plaintiff on July 9, 2019. As a direct and proximate result of the negligence of Oceania's employees as described above, the Plaintiff suffered severe and permanent injuries. Oceania is liable for these damages alleged herein because of the respondeat superior relationship with Oceania crew member employees as described herein.

33.    **DAMAGES**: Oceania's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against Oceania for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

### COUNT II
### NEGLIGENT FAILURE TO WARN

34.     The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1- 22, above.

35.     This is an action for Oceania's negligence for failing to warn passengers, including the Plaintiff, of its slippery floor surface on its open deck paddle tennis court.  Oceania's open deck paddle tennis court floors repetitively get wet. Oceania's open decks become wet on a repetitive basis from numerous sources including but not limited to drips and/or leaks from Oceania's shipboard ducts and/or vents. Oceania knew or should have known that the floor surfaces on its open decks including the paddle tennis court area are slippery when wet. Wet areas can blend with Oceania's open deck paddle tennis court flooring. Oceania passengers may not know how slippery Oceania's floor surfaces on its open decks can be when wet. Therefore, Oceania knew or should have known to warn its passengers that the floor surfaces on Oceania open deck paddle tennis court areas can be slippery.

36.     **DUTIES OWED BY OCEANIA**: Oceania owes a "duty to exercise reasonable care for the safety of its passengers," including the Plaintiff herein. *See Hall v. Royal Caribbean*

*Cruises, Limited*, 2004 WL 1621209 (Fla. 3d DCA 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances." *See Harnesk v. Carnival Cruise Lines, Inc.*, 1991 WL 329584 (S.D. Fla. 1991). Additionally, the Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to or may reasonably be expected to visit." *See Vierling v. Celebrity Cruises, Inc.,* 339 F.3d 1309 (11th Cir. 2003) ("Courts sitting in admiralty have long recognized an obligation on the part of a carrier to furnish its passengers with a reasonably safe means of boarding and leaving the vessel, that this obligation is non-delegable, and that even the slightest negligence renders a carrier liable."); *Carlisle v. Ulysses Line Limited*, 475 So.2d 248 (Fla. 3d DCA 1985).

37. Oceania, at all relevant times, was also under a legal duty to comply with mandatory international vessel safety regulations that are promulgated by the International Maritime Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified international Safety of Life at Sea (SOLAS) treaty, including *Part C*, *Regulation 13*, subpart 1.1 "safe escape routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles.")  Oceania's open deck paddle tennis court area is an escape route that Oceania knew or should have known it must maintain in a safe, clear, clean and dry condition. Oceania, at all times relevant, created its own internal policies and procedures to provide clean and dry flooring, cordon off and/or block wet floors, and warn passengers of wet floors.  Therefore, Oceania knew or should have known it must provide clean and dry flooring, cordon off and/or block wet floors and warn passengers of wet floors.  Upon information and belief Oceania, at all relevant times, knew or should have known of industry safety standards of ASTM International, ANSI, ISM Code and Regulations and other industry standards applicable to providing and maintaining safe walkways and floor materials.

38.     Oceania owes a duty as a common carrier to warn its passengers of dangers known to Oceania where Oceania invites or reasonably expects passengers to go. Oceania owes a duty of reasonable care under the circumstances. The circumstances are as follows. Oceania encourages passengers to walk through, participate in games and/or sports and/or socialize on Oceania's open decks including Oceania's paddle tennis court. It is expected that passengers who play, including the Plaintiff, are going to hurry, rush and/or run on Oceania's open decks paddle tennis court.

39. Oceania documents prior slip and falls, slipperiness, and water accumulations on its open decks and paddle tennis court in various ways.  That documentation includes minutes of shipboard meetings, logs or databases of prior similar incidents of slip and falls, databases of prior complaints made to guest services, and prior slip testing of the floor surface.  Oceania also distributes crew member training materials, safety warning messages including those made through verbal announcement, newsletters and safety videos. Oceania trains its crew members to warn passengers of wet floors by using wet floor signs, marking the area or blocking off the area to prevent passengers from walking on wet floors.

40. **<u>OCEANIA BREACHED ITS DUTY</u>**: Oceania breached its duty to warn the Plaintiff of dangerous condition on the open deck paddle tennis court area. Oceania breached its duties to the Plaintiff by its actions and conduct. Oceania through its crew members failed to place signs, stickers, lights, and other visual notices or written notices on or near the wet floor.  Oceania and Oceania's crew members failed to make audible announcements that the open decks including the paddle tennis court floors are dangerous and can be slippery when wet. Oceania's crew members failed to cordon off the open deck paddle tennis court area or place physical barriers on the floors or otherwise to prevent access to the wet floors. Oceania also failed to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the

burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence. Oceania's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

41. **<u>PROXIMATE CAUSE</u>**: Oceania's failure to properly warn the Plaintiff of the dangerous wet floor surface proximately caused the Plaintiff's injuries. Had Oceania properly warned the Plaintiff of the dangerous condition of the wet floors, the Plaintiff would never have walked onto the floor surface. The Plaintiff therefore would never have slipped and fallen onto the hard floor surface.

42. **<u>DAMAGES</u>**: Oceania's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life.  The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due

under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**COUNT III**
**NEGLIGENT TRAINING AND SUPERVISION OF PERSONNEL**

43.     The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1-22, above.

44.     This is an action for negligence due to Oceania's negligent training of shipboard crew members. Oceania owes a duty of reasonable care under the circumstances. The circumstances are as follows.  Oceania trains its shipboard crew members to warn passengers that floors may be slippery when wet. Oceania's open decks including the paddle tennis court become wet on a repetitive basis from numerous sources including but not limited to drips and/or leaks from Oceania's ship ducts and/or vents which cause water accumulations on the floor.  Oceania knew or should have known to train crew members to warn passengers, including the Plaintiff, that the floors surface on the open decks including the paddle tennis court area can be slippery when wet.  Oceania trains its crew members to warn passengers, including the Plaintiff, of wet floors to prevent slip and falls.  Oceania also trains its crew members to inspect for wet areas and to clean and dry floors.  Oceania's trainings instruct crew members how to keep floors clean and dry in order to prevent slip and falls. Oceania also trains its crew members that passengers may not be able to see wet areas on its floors and that passengers may not know how slippery its floors may be when wet.

45. Oceania documents prior slip and falls, slipperiness, and water accumulations on its open decks and paddle tennis court in various ways.  That documentation includes minutes of shipboard meetings, logs or databases of prior similar incidents of slip and falls, databases of prior complaints

made to guest services, and prior slip testing of the floor surface. Oceania also distributes crew member training materials, safety warning messages including those made through verbal announcement, newsletters and safety videos regarding its open deck floors which includes the paddle tennis court. Therefore Oceania knew or should have known the importance of training its crew members to warn passengers that the floors on its open decks are slippery when wet. Despite knowing how and the reasons why, Oceania failed to reasonably train its crew members to regularly inspect and maintain the floors in a clean and dry condition, warn passengers the floors are slippery when wet and cordon and/or block off areas with wet floors.

46. **DUTIES OWED BY OCEANIA**: Oceania owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited* 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3d03-2132 (Fla. 3d DCA Opinion filed July 21, 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances**."** *See Harnesk v. Carnival Cruise Lines, Inc,* 1992 A.M.C. 1472, 1991 WL 329584 (S.D. Fla. 1991). The cruise line is directly negligent for failing to train and supervise its shipboard crew members.

47. Oceania, at all relevant times, was also under a legal duty to comply with mandatory international vessel safety regulations that are promulgated by the International Maritime Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified international Safety of Life at Sea (SOLAS) treaty, including *Part C*, *Regulation 13*, subpart 1.1 "safe escape routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles.") Oceania's open deck paddle tennis court area is an escape route that Oceania knew or should have known it must maintain in a safe, clear, clean and dry condition. Oceania, at all times relevant, created its own internal policies and procedures to provide clean and dry

flooring, cordon off and/or block wet floors, and warn passengers of wet floors. Therefore, Oceania knew or should have known it must provide clean and dry flooring, cordon off and/or block wet floors and warn passengers of wet floors. Upon information and belief Oceania, at all relevant times, knew or should have known of industry safety standards of ASTM International, ANSI, ISM Code and Regulations and other industry standards applicable to providing and maintaining safe walkways and floor materials.  Oceania therefore knew the importance and necessity to train and/or supervise its crew members to inspect and maintain its open deck floors in a clean and dry condition and warn passengers that the floors are slippery when wet.

48.     Oceania's duty to train its crew members to inspect and maintain the open deck and paddle tennis court floors in a clean and dry condition, block and/or cordon off wet floors, and warn passengers that the open decks including the paddle tennis court area are slippery when wet, is part of Oceania's duty of reasonable care under the circumstances. This duty requires Oceania to train crew members how to properly and appropriately warn passengers of wet floor, to inspect and maintain floors in a clean and dry condition, and cordon and/or block off areas with wet floors.

49.     **OCEANIA BREACHED ITS DUTY**: Oceania breached its duty of care owed to the Plaintiff and was negligent by failing to reasonably train its crew members how to inspect for wet areas and puddles on a regular basis, maintain the open decks including the paddle tennis court area floors in a clean and dry condition, cordon and/or block off wet areas to prevent passengers from walking on wet floors, and warn passengers the flooring can be slippery when wet. Oceania failed to comply with industry standards regarding how to train its crew members to inspect and maintain the flooring and warn passengers of wet floors and the dangerousness of wet floors. Oceania's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

50. **PROXIMATE CAUSE**: Oceania's failure to properly train and supervise Oceania crew members proximately caused the Plaintiff's injuries. Had Oceania properly trained and/or supervised Oceania's crew members how to inspect for wet areas and puddles on a regular basis, maintain the floors in a clean and dry condition, warn passengers the floors can be slippery when wet, and cordon and/or block off areas with wet floors on the open decks including the paddle tennis court area the Plaintiff would never have walked onto the floor surface. The Plaintiff therefore would never have slipped and fallen onto the hard floor surface.

51. **DAMAGES**: Oceania's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident

under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

## COUNT IV
## NEGLIGENT DESIGN, CONSTRUCTION AND/OR SELECTION OF MATERIALS

52. The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1-22, above.

53. This is an action for negligence due to Oceania's participation in the design, construction and/or selection of materials. Oceania owes a duty of reasonable care under the circumstances. The circumstances are as follows.  A cruise line, like Oceania, may be found liable for negligent design when the cruise line created, participated in or approved the design of the area of injury. *Groves v. Royal Caribbean Cruises, Ltd.*, 463 Fed. Appx. 837 (11th Cir. 2012); *see also Whelan v. Royal Caribbean Cruises, Ltd.*, 2013 WL 5583970, at *4 (S.D. Fla. Aug. 14, 2013).

54. Oceania participates in and/or controls the design, construction and/or selection of materials installed on its ships including the *Marina*.  Oceania has the ultimate control over the design, construction and/or selection of materials installed on its ships. Oceania has contracts with the shipyard which allows Oceania the right to inspect the design plans, materials, and construction of its ships. Oceania may refuse payment, the ultimate control, should issues regarding design, selection of materials and/or construction are not resolved to Oceania's satisfaction.  Oceania approved and ultimately chose the design, selection of materials and/or construction of the open deck flooring on all its ships including the Oceania *Marina*'s paddle tennis court area.

55.  At all times Oceania had the ultimate control over the design, selection of materials and/or construction of the *Marina*. Oceania could inspect construction, materials selected and/or designs and refuse to approve the design, construction and/or selection of all materials to construct all aspects of the *Marina*.  Therefore Oceania could inspect the construction, selection and/or design

flooring on the open deck paddle tennis court area. Oceania holds the ultimate control under their contract with the yard to withhold payment if an item, design and/or construction is rejected or at issue and not resolved.

56. Oceania maintains shoreside departments that are responsible for creating, participating in and/or approving the design, selection and/or construction of all aspects and/or features of Oceania's ships including flooring. Oceania also maintains shoreside departments that create, participate in and/or approve changes and modifications to the design, construction and selection of materials when Oceania refits or modifies its ships flooring. These shoreside departments consist of naval architects, engineers, designers and other employees who are employed by Oceania. As such, Oceania maintained the ultimate control over the design and construction of the *Marina*. Upon information and belief, Oceania's contract with the shipyard allowed Oceania to make progressive payments as work was completed. Oceania's payment scheme allowed Oceania the power and right to demand changes and modifications to the design, selection of materials and/or construction of the ship at any time.

57. Oceania chose to create, design, and/or provide open decks with a paddle tennis court area for its passengers, including the Plaintiff, to spend time socializing, playing sports and/or participating in other activities planned, organized and/or provided by Oceania. Oceania operates open decks including paddle tennis courts aboard its ships, including the *Marina*.

58. Oceania knew or should have known the design, construction and/or selection of floor materials installed on its open deck paddle tennis court area were unreasonably dangerous. Oceania knew or should have known that Oceania's design, construction and/or selection of the floor materials on its open decks paddle tennis court area failed to comply with industry standards.

59. **<u>DUTIES OWED BY OCEANIA</u>**: Oceania owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited* 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3d03-2132 (Fla. 3d DCA Opinion filed July 21, 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances**."** *See Harnesk v. Carnival Cruise Lines, Inc,* 1992 A.M.C. 1472, 1991 WL 329584 (S.D. Fla. 1991).

60. Oceania, at all relevant times, was also under a legal duty to comply with mandatory international vessel safety regulations that are promulgated by the International Maritime Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified international Safety of Life at Sea (SOLAS) treaty, including *Part C*, *Regulation 13*, <u>subpart 1.1</u> "safe escape routes shall be provided."); <u>subpart 1.2 </u> ("escape routes shall be maintained in a safe condition clear of obstacles.")  Oceania's open deck paddle tennis area is an escape route that Oceania knew or should have known it must maintain in a safe, clear, clean and dry condition. Oceania, at all times relevant, created its own internal policies and procedures to provide clean and dry flooring, cordon off and/or block wet floors, and warn passengers of wet floors.  Upon information and belief Oceania tests the slip resistance of its flooring on a regular basis and maintains internal policies and procedures regarding minimum standards for its floor surfaces' slip resistance when wet and dry. Therefore, Oceania knew or should have known it must provide clean and dry flooring, cordon off and/or block wet floors and warn passengers of wet floors. Upon information and belief Oceania, at all relevant times, knew or should have known of industry safety standards of ASTM International, ANSI, ISM Code and Regulations and other industry standards applicable to providing and maintaining safe walkways and floor materials.

61. Oceania's duty to design, construct and/or select materials for all areas and features of its vessels, including the flooring, is part of Oceania's duty of reasonable care under the circumstances. Oceania had a duty to design, select and/or construct its open deck flooring in a reasonably safe manner and in accordance with industry standards.

62. **OCEANIA BREACHED ITS DUTY**: Oceania breached its duty of care owed to the Plaintiff and was negligent by failing to design, construct, select, approve and/or reject the flooring materials used on the open decks. Oceania failed to design, construct, select, approve and/or reject flooring materials that complied with industry standards.  The flooring materials Oceania selected and/or used to construct the flooring on the open deck paddle tennis court area was unreasonably slippery when wet and dangerous.

63. Because Oceania had the ultimate control over the design, construction and/or selection of materials for its ships, Oceania could refuse to approve the design, construction and/or selection of materials used for the flooring on the open deck paddle tennis court area. Oceania knew or should have known about the dangerousness of the flooring.

64. Oceania knew or should have known of the dangerousness of flooring since its installation and/or at the time of any and all changes or modifications made to the flooring.  Oceania's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

65. **PROXIMATE CAUSE**: Oceania's negligent design, construct and/or selection of materials proximately caused the Plaintiff's injuries. Had Oceania properly designed, constructed and/or selected the materials of the flooring on the open deck paddle tennis court area, the Plaintiff would never have walked onto the dangerous floor surface. The Plaintiff therefore would never have slipped and fallen onto the hard floor surface.

66. **<u>DAMAGES</u>**: Oceania's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future. Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

**<u>COUNT V</u>**
**<u>NEGLIGENT FAILURE TO PROVIDE A REASONABLY SAFE SHIP</u>**

67. The Plaintiff hereby adopts and re-alleges each and every allegation in Paragraphs 1-22.

68. This is an action for negligence due to Oceania's negligent failure to provide a reasonably safe ship. Oceania owes a duty of reasonable care under the circumstances. The circumstances are as follows. Oceania's open decks including the paddle tennis court area repetitively get wet. Open

decks can become wet on a repetitive basis from numerous sources including but not limited to drips and/or leaks from Oceania's ship ducts and/or vents throughout the open decks including the paddle tennis court areas. Oceania's floor surfaces on its open decks including the paddle tennis court area are slippery when wet. Wet areas can blend with Oceania's open deck paddle tennis court floor surfaces. Oceania passengers may not know how slippery Oceania's floor surfaces on its open deck paddle tennis court can be when wet.

69. Oceania documents prior slip and falls, slipperiness, and water accumulations on its open decks and paddle tennis court in various ways. That documentation includes minutes of shipboard meetings, logs or databases of prior similar incidents of slip and falls, databases of prior complaints made to guest services, and prior slip testing of the floor surface. Oceania also distributes crew member training materials, other safety warning messages including those made through verbal announcement, newsletters and safety videos regarding its open deck and/or paddle tennis court flooring. Oceania knew or should have known the importance of training its crew members to warn passengers that the floors in its open decks and/or paddle tennis court areas are slippery when wet. Oceania trains its crew members to warn passengers of wet floors by using wet floor signs, marking the area or blocking off the area to prevent passengers from walking on wet floors. Oceania knew or should have known its open decks including the paddle tennis court area floors are hazardous when wet which make Oceania ships unreasonably unsafe. Oceania either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

70. **DUTIES OWED BY OCEANIA**: Oceania owes a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. *See Hall v. Royal Caribbean Cruises, Limited* 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3d03-2132 (Fla. 3d

DCA Opinion filed July 21, 2004). The Defendant also owes a "duty to exercise reasonable care under the circumstances**."** *See Harnesk v. Carnival Cruise Lines, Inc,* 1992 A.M.C. 1472, 1991 WL 329584 (S.D. Fla. 1991). The cruise line is directly negligent for the negligence of shipboard crew members.

71. Oceania, at all relevant times, was also under a legal duty to comply with mandatory international vessel safety regulations that are promulgated by the International Maritime Organization (IMO) under authority expressly conferred by the U.S. Senate-ratified international Safety of Life at Sea (SOLAS) treaty, including *Part C*, *Regulation 13*, subpart 1.1 "safe escape routes shall be provided."); subpart 1.2 ("escape routes shall be maintained in a safe condition clear of obstacles.")  Oceania's open deck paddle tennis court area is an escape route that Oceania knew or should have known it must maintain in a safe, clear, clean and dry condition. Oceania, at all times relevant, created its own internal policies and procedures to provide clean and dry flooring, cordon off and/or block wet floors, and warn passengers of wet floors.  Therefore, Oceania knew or should have known it must provide clean and dry flooring, cordon off and/or block wet floors and warn passengers of wet floors.  Upon information and belief Oceania, at all relevant times, knew or should have known of industry safety standards of ASTM International, ANSI, ISM Code and Regulations and other industry standards applicable to providing and maintaining safe walkways and floor materials. Oceania therefore knew the importance and necessity to train and supervise its crew members to keep its open decks including the paddle tennis court floors clean and dry

72. **OCEANIA BREACHED ITS DUTY**. Oceania breached its duty of care by failing to provide a reasonably safe ship. Oceania breached its duty of care by failing to inspect and maintain its open deck floors including the paddle tennis court area in a reasonably clean and dry condition.

Oceania breached its duty of care by failing to block off and/or cordon off wet areas on Oceania's open deck paddle tennis court area to prevent passengers from walking on slippery wet floors. Oceania breached its duty of care by failing to design, select materials and/or construct its open deck paddle tennis court area with flooring that is reasonably safe when wet.  Oceania breached its duty of care by failing to train and supervise its crew members to inspect, maintain, warn, cordon off and prevent passengers from walking on the wet open deck paddle tennis court area floors which Oceania knew or should have known are slippery when wet. Oceania knew or should have known Oceania's open decks including the paddle tennis court area floors repetitively get wet from numerous sources including but not limited to drips and/or leaks from Oceania's ship ducts and/or vents. Oceania's violation of applicable and mandatory safety regulations and standards constitutes negligence *per se*.

73. **PROXIMATE CAUSE**: Oceania's negligent failure to provide a reasonably safe ship proximately caused the Plaintiff's injuries.  Had Oceania properly provided a reasonably safe ship, which includes Oceania's open deck paddle tennis court area floors, the Plaintiff would never have walked onto the dangerous floor surface. The Plaintiff therefore would never have slipped and fallen onto the hard floor surface.

74. **DAMAGES**: Oceania's negligence proximately caused permanent injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; and past lost wages and compensation and loss of income earning capacity for the future.  Those injuries and damages also include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the

enjoyment of life.  The losses are either permanent or continuing.  The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

By:     *s/ John H. Hickey*
**John H. Hickey, Esq.** (FBN 305081)
hickey@hickeylawfirm.com
statecourtfilings@hickeylawfirm.com
**Sarah A. Lobel, Esq.** (FBN 88716)
slobel@hickeylawfirm.com
**Hickey Law Firm, P.A.**
1401 Brickell Avenue, Suite 510
Miami, FL 33131-3504
Tel. (305) 371-8000
Fax (305) 371-3542
*Attorneys for Plaintiff*